# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT WILLIAM KINKADE,<br><br>    Plaintiff,<br><br>v.<br><br>AVENAL STATE PRISON,<br><br>    Defendant. | Case No. 1:23-cv-00964 JLT EPG (PC)<br><br>ORDER ADOPTING IN FULL THE FINDINGS AND RECOMMENDATIONS TO DISMISS THIS ACTION WITHOUT PREJUDICE FOR FAILURE TO PROSECUTE AND FAILURE TO COMPLY WITH COURT'S ORDERS, AND DIRECTING THE CLERK OF COURT TO CLOSE THE CASE<br><br>(Doc. 11) |

    Plaintiff Robert Kinkade is proceeding *pro se* and *in forma pauperis* in this civil rights action filed pursuant to 42 U.S.C. § 1983. Plaintiff alleged that the water at Avenal State Prison is contaminated. (Doc. 1.) The Court referred the matter to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

    The assigned magistrate screened Plaintiff's complaint pursuant to 28 U.S.C. § 1915A(a) and found that "Plaintiff's complaint fails to state any cognizable claims." (Doc. 10 at 6.) The magistrate judge gave Plaintiff 30 days to either file an amended complaint or file a statement with the Court that he wants to stand on his original complaint. (*Id.* at 7). After that time has passed, and Plaintiff has done neither, the magistrate judge recommended that this action be dismissed without prejudice for failure to prosecute and for failure to comply with Court's orders. (Doc. 11 at 4.)

The Court served the Findings and Recommendations on Plaintiff and notified him that any objections were due within 30 days. (Doc. 11 at 4.) The Court advised Plaintiff that the "failure to file objections within the specified time may result in the waiver of rights on appeal." (*Id.*, citing *Wilkerson v. Wheeler*, 772 F.3d 834, 838–39 (9th Cir. 2014).) Plaintiff did not file objections, and the time to do so has passed.

According to 28 U.S.C. § 636 (b)(1)(C), this Court conducted a *de novo* review of this case. Having carefully reviewed the entire action, the Court concludes the Findings and Recommendations to be supported by the record and proper analysis.

Thus, the Court **ORDERS**:

1. The Findings and Recommendations issued on March 4, 2024 (Doc. 11) are **ADOPTED** in full.
2. This case is **DISMISSED** without prejudice for failure to prosecute and failure to comply with Court's orders.[1]
3. The Clerk of Court is directed to close this case.

IT IS SO ORDERED.

Dated:   **April 5, 2024**

UNITED STATES DISTRICT JUDGE

---

[1] "[W]hen (1) a district court dismisses a complaint on the ground that it fails to state a claim, (2) the court grants leave to amend, and (3) the plaintiff then fails to file an amended complaint, the dismissal counts as a strike under § 1915(g)." *Harris v. Mangum*, 863 F.3d 1133, 1143 (9th Cir. 2017); *see also O'Neal v. Price*, 531 F.3d 1146, 1156 (9th Cir. 2008) (dismissal for failure to state a claim and another ground counts as a strike when it is clear from the court's reasoning that it considers failure to state a claim to be a fully sufficient condition to dismiss the action).